```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Benjamin Bassi, Trustee
of the Marsha A. Bassi
Revocable Trust

   v.                                    Civil No. 12-cv-39-JD
                                              Opinion No. 2012 DNH 079

Christopher John Krochina


                               O R D E R

     Benjamin Bassi, Trustee of the Marsha A. Bassi Revocable Trust, brought a petition to quiet title in Belknap County Superior Court in September of 2011. After the non-diverse parties were dismissed from the action and the state court denied his request for a jury trial, defendant Christopher Krochina, proceeding pro se, removed the action to this court. Bassi moves to remand, and Krochina objects to the motion.

     Bassi filed a reply, and Krochina filed a surreply. Bassi moves to strike the surreply on the grounds that it is untimely and extraordinary circumstances are lacking. Krochina objects.


I.  Motion to Strike

     Bassi contends that Krochina's notice of intent to file a surreply and the surreply were not timely filed under the local rules. Bassi also contends that Krochina's surreply does not

meet the required extraordinary circumstances.  Krochina defends the timeliness and substance of his surreply.

    A.  Timeliness

    Bassi filed a reply on March 21, 2012.  Krochina provided oral notice of his intent to file a surreply on March 28, 2012, and his written notice was filed on March 30, 2012.  Krochina filed the surreply, without first seeking leave to do so, on April 6, 2012.

    A pro se party, such as Krochina, is required to comply with applicable procedural rules.  Eagle Eye Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); McGee v. Benjamin, 2012 WL 959377, at *11 n.12 (D. Mass. Mar. 20, 2012); Horstkotte v. Comm'r, N.H. Dep't of Corrs., 2009 WL 4907025, at *6 (D.N.H. Dec. 11, 2009).  Under the local rules of this district, written or oral notice of an intent to file surreply must be provided to the court and opposing counsel within three days of service of the objection.  LR 7.1(e)(1) & (3).  The time is enlarged to six days under Federal Rule of Civil Procedure 6(a) & (d) to provide time for service of the reply.  LR 6.1.  Oral notice provided by Krochina on March 28 was one day late, and written notice filed on March 30 was three days late.

A motion for leave to file a surreply, with the proposed surreply attached, must be filed within fourteen days of service of the reply. LR 7.1(3). Krochina filed a surreply on April 6 without a separate motion for leave, although the surreply begins with a request that the court accept it. Even if the surreply were deemed to include a motion for leave to file, it was filed two days late.

Although the reply was filed on March 21 with a certification that a copy had been sent to Krochina by first class mail, Krochina represents that he did not receive Bassi's reply until March 27.[1] Krochina argues that because he was not served with the reply until March 27, his notice and surreply were timely. Krochina also argues that he satisfied the requirement of seeking leave to file a surreply by asking the court to accept the surreply without a separate motion. As presented, Krochina has not shown that he complied with the local rules pertaining to filing a surreply.

---

[1]Krochina did not provide an affidavit or evidence of the postmark date to support his representations of when he received the reply.

B.  Substance

Bassi also argues that Krochina's surreply does not present extraordinary circumstances as required by LR 7.1(d)(3).  In support of the surreply, Krochina asserts that Bassi's reply includes "several misstatements and/or distortions of the factual record" and that the surreply is necessary "to address and correct the plaintiff's misstatements."  In addition, Krochina accuses Bassi of not being honest with the court and labels the motion to strike as "just another malicious and frivolous tactic to try and suppress incriminating evidence and to increase the costs of this litigation."

The court has reviewed the reply and surreply and concludes that Krochina's attacks on Bassi are unjustified.  Instead, Krochina's arguments about the value of the quiet title action demonstrate his misunderstanding of the rights at issue in the case.

However, the arguments and evidence Krochina provides in his surreply do not change the outcome.  Therefore, despite the procedural and substantive irregularities, the court will not strike the surreply.

II.  Motion to Remand

Bassi moves to remand the case on the grounds that Krochina's notice of removal was untimely, that the amount in controversy requirement for diversity jurisdiction has not been shown, and that federal question jurisdiction is lacking. Krochina objects, arguing that his notice was timely filed after the nondiverse parties were dismissed from the case, that the value of the property far exceeds the amount in controversy requirement, and that federal question jurisdiction exists because he claims a due process right to federal court jurisdiction. Because the jurisdictional issue is dispositive, the timeliness issue need not be addressed.[2]

A.  Background

The petition to quiet title pertains to a small parcel of land on Lake Winnipesaukee known as "Lot 2a" and an "unconstructed" extension of Evergreen Lane referred to as "Evergreen Extension." In the petition, Bassi states that

---

[2]Krochina argues that his notice was timely filed and suggests that Bassi improperly joined nondiverse parties to avoid federal jurisdiction. To the extent Krochina relies on improper joinder, he did not meet his burden to show that Bassi improperly joined nondiverse parties. See, e.g., Geva Eng'g Crp., Corp. v. Furmanite Am., Inc., --- F. Supp. 2d ---, 2012 WL 593530, at *3 (D.P.R. Feb. 24, 2012); Moore v. NovaStar Mtg. Inc., 2011 WL 2899418, at *2, n.3 (D. Mass. July 15, 2011).

Krochina claims a right to use Lot 2a and a right to cross Bassi's property as if Evergreen Lane extended across Lot 2a as Evergreen Extension.  Bassi maintains that Lot 2a and Evergreen Extension are not subject to a right of use by Krochina or anyone else.

In October of 2011, all of the defendants except Krochina waived or disclaimed any interest in Lot 2a and Evergreen Extension.  Bassi then filed a motion for judgment as to the uninterested parties and sent a copy to Krochina on November 3, 2011.  The state court held a conference on January 5, 2012, to address the case schedule, the motion, and other matters.  Krochina requested a jury trial.  Following the hearing, the court dismissed the uninterested defendants, set the case schedule, and denied Krochina's request for a jury trial.  Krochina filed a notice of removal in this court on February 3, 2012.

B. <u>Jurisdiction</u>

A civil case may be removed to federal court from state court when the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal jurisdiction must be based on either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332.  Krochina claims both grounds

for jurisdiction.  As the removing party, Krochina bears the burden of showing that jurisdiction exists.  <u>Pruell v. Caritas Christi</u>, 645 F.3d 81, 84 (1st Cir. 2011).

    1.   <u>Federal Question Jurisdiction</u>

Federal question jurisdiction under § 1331 includes two types of actions.  The first type is a direct federal question "in which the plaintiff pleads a cause of action that has its roots in federal law."  <u>P.R. Tel. Co., Inc. v. SprintCom, Inc.</u>, 662 F.3d 74, 86 (1st Cir. 2011).  The second type involves "embedded federal questions . . . in which the plaintiff pleads a state-law cause of action, but that cause of action necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  <u>Id.</u> (internal quotation marks omitted).

In his notice of removal, Krochina stated that federal question jurisdiction existed based on his Seventh Amendment right to a jury trial.  For purposes of objecting to Bassi's motion to remand, Krochina argues that federal question jurisdiction exists based on "a due process right to be equally protected by the law before an impartial Judge and/or Jury."  Because Bassi did not plead a federal cause of action, federal

question jurisdiction would exist only if Bassi's cause of action raises a disputed and substantial federal issue.

Bassi filed a petition to quiet title in state court, naming as defendants the town and individuals who owned property near Lot 2a and Evergreen Extension.  Although Krochina claims a right to a jury trial in the quiet title action under the Seventh Amendment, he has not shown that he has raised a viable Seventh Amendment issue for purposes of federal question jurisdiction. See, e.g., Taylor v. Lybrand, 2011 WL 3703520, at *4 (D.S.C. Aug. 2, 2011); Fed. Nat'l Mtg. Ass'n v. Avendano, 2010 WL 4963027, at *5 (N.D. Ga. Oct. 28, 2010); James-Clement v. Lending Connection, Inc., 2008 WL 417993, at *2 (E.D. Wash. Feb. 13, 2008). Similarly, Krochina's asserted due process right is not sufficiently supported.

Therefore, Krochina has not carried his burden to show that federal question jurisdiction exists in this case.


    2.   Diversity Jurisdiction

Krochina also claims that diversity jurisdiction exists under § 1332.  Bassi contends that the amount in controversy requirement under § 1332(a) is not met in this case.  Krochina argues that the amount in controversy requirement is met.

Jurisdiction exists to hear and determine cases between citizens of different states when the amount in controversy exceeds $75,000. § 1332(a). The party who removes a case based on diversity of citizenship bears the burden of showing that the amount in controversy requirement is satisfied. See NFS Leasing, Inc. v. Hill, 2012 WL 527854, at *2 (D. Mass. Feb. 17, 2012); Williams v. Litton Loan Servicing, 2011 WL 3585528, at *5 (D. Mass. Aug. 15, 2011). To satisfy that burden, Krochina must show a "reasonable probability" that the amount in controversy exceeds $75,000. Gomes v. Midland Funding, LLC, --- F. Supp. 2d ---, 2012 WL 733886, at *2 (D. Mass. Mar. 5, 2012).

The matter in question in the quiet title action is the right to use a corner of Bassi's property, Lot 2a, and the right to cross Bassi's property on Evergreen Extension. The petition to quiet title does not seek damages or state an amount in controversy. In the notice of removal, Krochina stated only that "the amount of the controversy in this case is well in excess of $75,000" without providing any factual basis for the statement. Therefore, the value is not apparent on the face of the pleadings.

In support of his objection to Bassi's motion, Krochina provides some evidence of the value of Lot 2a and argues, based on those figures, that the value of Lot 2a is far in excess of

$75,000.  Krochina provides additional evidence of the value of the property in support of his surreply.[3]  The property interest raised by the quiet title action, however, is a right to use Lot 2a, not to own it.  Therefore, evidence of the value of the property is not relevant to the matter in controversy.  Instead, the pertinent value is the right to use property that is owned by someone else.  Krochina provides no evidence of the value of his claimed right to use Lot 2a and Evergreen Extension.

In support of the motion to remand, Bassi provides evidence that Krochina sold Lot 2a in 1996 for $23,400, and reasons, persuasively, that Krochina's alleged right to use Lot 2a is worth less than the sale value of the property.  Bassi also provides evidence that in 2010 he acquired an adjacent landowner's interest in Evergreen Extension for $4,000.  Based on that information, the total value of the right to use Lot 2a and Evergreen Extension would be considerably less than $75,000.

Therefore, based on the record presented, Krochina has not carried his burden of showing that the amount in controversy exceeds $75,000.  As a result, the court lacks diversity

---

[3]Krochina attempts to calculate the value of Lot 2A based on his estimate of the value of lake-front property.  He also disputes Bassi's right to certain property.  Krochina's arguments and calculations are not persuasive.

jurisdiction.  In the absence of subject matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c).

### C.  Award of Fees and Costs

Bassi asks for an award of the fees and costs that he has incurred in seeking a remand.  As part of an order remanding a case to state court, a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  § 1447(c).  An award of fees and costs is appropriate, however, "only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

While acknowledging Krochina's pro se status, Bassi contends that Krochina's attempt to remove a different case to this court in 2006, shows that Krochina was familiar with the legal requirements for removal, including the jurisdictional requirements.  Bassi argues that no reasonable basis existed to support federal question jurisdiction and that Krochina should have known, based on past transactions pertaining to the property, that the amount in controversy does not exceed $75,000.  Krochina responds by stating that he had a reasonable basis for removal and that he is entitled to fees and costs incurred in opposing the motion to remand.

11

Although Krochina has not sustained his burden of showing federal question jurisdiction or the jurisdictional amount necessary for diversity jurisdiction, the court is not persuaded that he lacked an objectively reasonable basis for seeking removal, particularly considering his pro se status. Krochina's prior experience with removal ended when the court remanded the case in an endorsed order, which cannot be construed to have provided Krochina with sufficient instruction on the removal process and federal jurisdiction to make his removal in this case objectively unreasonable. The court notes, however, that Krochina is now on notice of the stringent jurisdictional requirements for removal. Bassi's request for an award of fees and costs is denied.

## Conclusion

For the foregoing reasons, the plaintiff's motion to strike (document no. 14) is denied. The plaintiff's motion to remand (document no. 7) is granted under § 1447(c) due to a lack of subject matter jurisdiction. No costs or fees are awarded to either party.

The case is remanded to Belknap County Superior Court.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 3, 2012

cc: Christopher John Krochina, pro se
    Patricia M. Panciocco, Esquire
    Jennifer L. Parent, Esquire